**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>KARA HOMES, INC., et al.,<br><br>　　Debtors.<br><br>HEKTOR PESHKOPIA, et al.,<br><br>　　Appellants,<br><br>　　v.<br><br>BERNARD KATZ, et al.,<br><br>　　Appellees. | BANKRUPTCY NO. 06-19626 (MBK)<br><br><br><br>CIVIL ACTION NO. 10-788 (MLC)<br><br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

Kara Homes, Inc. ("Debtor") filed a voluntary bankruptcy petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § ("Section") 101, et seq. ("Bankruptcy Code"), on October 5, 2006. Bankr. No. 06-19626, dkt. entry no. 1, Pet. Appellants, Hektor Peshkopia and Roberta Schultz ("Appellants"), formerly the Chief Operating Officer and employee of Debtor, respectively, were both listed among employees having claims against Debtor in the bankruptcy proceedings ("Employee Claims").[1]  Appellants appeal from an order of the Bankruptcy

---

[1] Peshkopia made separate loans of $100,000 and $150,000 to Debtor, and Schultz loaned Debtor $75,000. Bankr. No. 06-19626, dkt. entry no. 4967, App. to File Late Objections to and Vacate Fifth Joint Omnibus Order Granting Entry of Expungement, Reduction, or Reclassification of Certain Employee Claims

Court denying their application to file late objections to a motion in the bankruptcy proceeding seeking expungement, reduction, or reclassification of certain Employee Claims. (Dkt. entry no. 1, Not. of Appeal.)

The Court decides the appeal without an oral hearing, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8012 and Federal Rule of Civil Procedure ("Rule") 78(b), because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process. For the following reasons, the Court will affirm the ruling of the Bankruptcy Court.

## BACKGROUND

The liquidating trustee for Debtor, appellee Bernard Katz ("Trustee") moved before the Bankruptcy Court on May 11, 2009, to expunge, reduce, or reclassify certain Employee Claims as not properly allowable. Bankr. No. 06-19626, dkt. entry no. 4414, Fifth Joint Omnibus Motion for the Entry of an Order Expunging, Reducing, Reclassifying and/or Granting Other Relief as to Certain Employee Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 ("Fifth Joint Omnibus Motion"). Appellants' claims were among those the Fifth Joint Omnibus Motion sought to

---

Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 ("App. to File Late Objections"), at 2-3. Appellants filed proofs of their claims in January 2007 following Debtor's filing of its petition. Id. (referencing Claim Nos. 377, 378, and 474).

2

expunge, reduce, or reclassify.  Id. at 10-11.  The Fifth Joint Omnibus Motion included a "Special Notice to Claimants" advising claimants that "failure to respond could result in your claim being disallowed."  Id. at 19.

Appellants did not respond to the Fifth Joint Omnibus Motion.  The Bankruptcy Court entered an order on June 25, 2009, granting relief sought in the Fifth Joint Omnibus Motion.  Bankr. No. 06-19626, dkt. entry no. 4556, 6-25-09 Order Granting Fifth Joint Omnibus Motion ("6-25-09 Order").  Specifically, the 6-25-09 Order expunged Peshkopia's claims 377 and 378, and Schultz's claim 474, providing the following reason:  "Books and Records. Claim is in the nature of equity, not debt."  (Id. at 7.)[2]

Appellants moved before the Bankruptcy Court on November 19, 2009, for leave to file late objections to the Fifth Joint Omnibus Motion and vacate the 6-25-09 Order insofar as it expunged Appellants' claims.  (App. to File Late Objections.) Appellants argued that they should be permitted to file late

---

[2] The Trustee, in the Fifth Joint Omnibus Motion, asserted that the Employee Claims at issue were subject to expungement, reduction, or reclassification
    for one or more of the following reasons:  (a) the Claims do not comport with the Debtors' books and records; (b) the Claimants have provided insufficient backup information to support the Claims; (c) the Claims have been resolved, discharged or satisfied; (d) the Claims are duplicative; and (e) the Claims are incorrectly asserted against Debtor estates and must be allocated against the properly liable Debtor estate.
(Fifth Joint Omnibus Motion at 17.)

objections to the Fifth Joint Omnibus Motion because a miscommunication between Peshkopia, Schultz, and counsel occurred concerning representation, such that "[i]t was not until after the time for objection had passed that [Appellants] became aware that present counsel had been retained to represent them." (Id. at 4.)  Appellants then argued that the Bankruptcy Court should vacate its 6-25-09 Order expunging Appellants' claims on the basis that the claims were improperly reclassified as equity and should be allowed in their full amount. (Id. at 6-7.)

The Bankruptcy Court held a hearing on Appellants' application on January 4, 2010.  (Dkt. entry no. 3, 1-4-10 Hr'g Tr.)  The Bankruptcy Court advised the parties that it viewed Appellants' application as "either a motion for relief from a prior order under Rule 60(b) or a reconsideration of a claim under [Bankruptcy] Rule 3008." (1-4-10 Hr'g Tr. at 3:16-18.) The Bankruptcy Court observed that Appellants had been involved with the bankruptcy proceedings from the beginning, yet had filed their Application to File Late Objections many months after entry of the 6-25-09 Order. (1-4-10 Hr'g Tr. at 3:22-25.)

The Bankruptcy Court ruled that under Rule 60(b), Appellants had not brought their Application to File Late Objections based on inadvertence, mistake, surprise, or excusable neglect within a reasonable period of time.  (1-4-10 Hr'g Tr. at 7:25-8:8.)  The Bankruptcy Court ruled that the record was insufficient for the Court to reconsider the Appellants' claims as to the actual

4

underlying merits of the claims under Bankruptcy Rule 3008, and noted that any future motion to reconsider brought expressly pursuant to Bankruptcy Rule 3008 would be deemed barred by the law of the case, in that the Bankruptcy Court ruled that time had passed to file such a motion.  (1-4-10 Hr'g Tr. at 8:14-9:12.) Accordingly, the Bankruptcy Court entered an order denying the Application to File Late Objections.  Bankr. No. 06-19626, dkt. entry no. 5059, 1-5-10 Order.

## DISCUSSION

### I. Applicable Legal Standards

#### A. Jurisdiction and Standard of Review

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees.  28 U.S.C. § 158(a)(1).  A district court reviews a "bankruptcy court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof." Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.), 405 F.3d 127, 130 (3d Cir. 2005) (quotation and citation omitted); see Fed.R.Bankr.P. 8013 ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous.").  Also, the Court, when addressing mixed questions

of law and fact, divides the questions into their respective components and applies the appropriate standard to each.  <u>In re Brown</u>, 951 F.2d 564, 567 (3d Cir. 1991).

    **B.**    **Legal Standards Applied by Bankruptcy Court**

Section 502(j) of the Bankruptcy Code establishes that "[a] claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."  11 U.S.C. § 502(j).  Under the Bankruptcy Rules, "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."  Fed.R.Bankr.P. 3008.

Bankruptcy Rule 9024 provides a mechanism for seeking relief from a judgment or order of the Bankruptcy Court.  That rule expressly incorporates Rule 60(b), which provides that the court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect."  Fed.R.Bankr.P. 9024.[3]  A motion made pursuant to Rule 60(b)(1) "must be made within a reasonable time."  Fed.R.Civ.P. 60(c); Fed.R.Bankr.P. 9024 ("Rule 60 . . . applies in cases under the [Bankruptcy] Code except that (1) a motion . . . for the reconsideration of an order allowing or disallowing a claim against the estate entered

---

[3] Appellants did not and do not contend that the Bankruptcy Court should have considered Rule 60(b)(2)-(6).

6

without a contest is not subject to the one year limitation prescribed in Rule 60(c).").

## II. Review of Bankruptcy Court's Decision

The Bankruptcy Court considered Appellants' Application to File Late Objections as either a motion to reconsider the 6-25-09 Order granting the Fifth Joint Omnibus Motion and expunging Appellants' claims pursuant to Bankruptcy Rule 3008, or a motion seeking relief from the 6-25-09 Order pursuant to Rule 60(b). The Bankruptcy Court properly considered Appellants' Application to File Late Objections with respect to these alternative bases for relief. See Makris v. Amboy Bank, No. 08-2691, No. 08-2692, 2008 WL 4692339, at *4 (D.N.J. Oct. 23, 2008) (rejecting contention that Bankruptcy Court erred by treating motion as request for reconsideration under Bankruptcy Rule 3008 and 11 U.S.C. § 502(j) rather than a motion for relief under Bankruptcy Rule 9024 and Rule 60(b)); VFB LLC v. Campbell Soup Co., 336 B.R. 81, 85-86 & n.3 (D. Del. 2005) ("[A] motion under Bankruptcy Rule 3008 should be treated as a motion under Civil Rule 60.").

We review the Bankruptcy Court's 1-5-10 Order denying Appellants' Application to File Late Objections for an abuse of discretion. See In re Martin, 96 Fed.Appx. 62, 63 (3d Cir. 2004) (applying abuse of discretion standard to review of decision denying motion pursuant to Bankruptcy Rule 9024 to vacate judgment that had discharged claimants' claims); Brielle Assocs.

7

v. Graziano, 685 F.2d 109, 111-12 (3d Cir. 1982) (applying abuse of discretion standard of review to motion to reconsider disallowance of claim under 11 U.S.C. § 502(j)); In re M.L. Logan Precision Machining Co., Bankr. No. 06-14625, 2007 WL 1468807, at *2 (Bankr. E.D. Pa. May 14, 2007) ("[T]he bankruptcy court has broad discretion to reconsider [its] Order. . . ."); In re Tygart Indus., Inc., 139 B.R. 145, 146 (W.D. Pa. 1991) (finding bankruptcy court abused discretion in denying motion brought pursuant to Bankruptcy Rule 9024 and Bankruptcy Rule 3008); Fed.R.Bankr.P. 3008, Advisory Committee Note (1983) ("Reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court.").

 Appellants seek reversal of the decision of the Bankruptcy Court denying Appellants' Application to File Late Objections "in the interests of justice," and seek remand to the Bankruptcy Court for a hearing on the merits of their objections to the Fifth Joint Omnibus Motion.  (Dkt. entry no. 10, Appellants' Br. at 7.)  Appellants contend that allowing their late objections to the Fifth Joint Omnibus Motion would not have significantly delayed or interfered with efficient administration of the bankruptcy proceedings, because other omnibus motions challenging claims were still pending at the time Appellants' motion was filed.  (Id.)

While motions for reconsideration of an order disallowing a claim "should be construed broadly, and include 'cause' and 'equities' which would be grounds for relief under . . . [Rule] 60(b)," such motions must be considered "in light of the strong contrary policy of encouraging prompt, final dispositions of objections to proofs of claims.  Therefore, some 'cause' for reconsideration . . . must be articulated if [Bankruptcy] Rule 3008 is to be successfully invoked." In re Motor Freight Exp., 91 B.R. 705, 711 (Bankr. E.D. Pa. 1988).

The only "cause" for reconsideration proffered by Appellants is that "there was a mis-communication between [sic] Peshkopia, Schultz and counsel concerning the terms of representation.  The parties apparently did not understand that all of the terms of retention had not been met."  (Appellants' Br. at 5.)  Notably, Appellants aver that they had "detailed proof of the merits of their respective claims on record in their proofs of claim," so it is not as if Appellants never had an opportunity to present to the Trustee or the Bankruptcy Court the cancelled checks and promissory notes documenting the loans at issue.  (Id.) Appellants do not contend that they failed to receive notice of the Fifth Joint Omnibus Motion or that circumstances beyond the "mis-communication . . . concerning the terms of representation" prevented them from exercising reasonable diligence in responding to the motion.  Appellants' attribution to a "mis-communication"

9

regarding their response to the Fifth Joint Omnibus Motion highlights that Appellants and their counsel all were on notice of the Fifth Joint Omnibus Motion.  The circumstances stated by Appellants amount to no more than mere neglect.  In re Motor Freight Exp., 91 B.R. at 711 ("Mere neglect is clearly insufficient cause for reconsideration. . . .[E]rrors of omission by counsel which are not justified by some allegations of extraordinary causation factors are not sufficient."); see also Brielle Assocs., 685 F.2d at 110 (denying motion to reconsider order disallowing claim, where creditor was a law firm acting pro se, and creditor failed to timely object to debtor's motion despite receiving the notice because creditor "filed it without looking at it"); cf. In re Tygart Indus., Inc., 139 B.R. at 145-46 (finding excusable neglect where creditors' counsel was on vacation when scheduling order arrived at office, scheduling order was subsequently misplaced, and the significant dates were never brought to counsel's attention).

    The Bankruptcy Court noted its familiarity with Appellants from the bankruptcy proceedings, and observed that Appellants "[ha]ve known about this bankruptcy, the Kara Homes matter, from the get go.  They were involved."  (1-4-10 Hr'g Tr. at 3:23-25.) The Bankruptcy Court further noted that its consideration of Appellants' Application to File Late Objections occurred "over seven months since the [Fifth Joint Omnibus Motion] was brought,

over six months since the order was entered in a case in which is now over three years old . . . with principals or employees who were well-versed with the case." (1-4-10 Hr'g Tr. at 8:3-8.) The Bankruptcy Court thus determined that Appellants' application, based on "inadvertence, mistake, surprise, or excusable neglect" had not been brought within a reasonable period of time, and that the interest in bringing finality to the many claims at issue in the litigation outweighed Appellants' interest in imposing an administrative burden by re-opening consideration of their objections to the Fifth Joint Omnibus Motion.

We find that the Bankruptcy Court did not abuse its discretion in so holding. "Judicial discretion is abused only when the court acts in an arbitrary, fanciful or unreasonable manner or where it uses improper legal standards, criteria or procedures." In re Jersey Integrated Health-Practice, Inc., No. 07-3794, 2008 WL 305739, at *4 (D.N.J. Jan. 30, 2008). A bankruptcy court abuses its discretion "only if no reasonable person could take the view it adopted. If reasonable minds could differ, then it cannot be said that the Bankruptcy court abused its discretion." Id. (citation omitted). The Bankruptcy Court applied the appropriate legal standards, and reasonably determined that given the length of time that passed between the order granting the Fifth Joint Omnibus Motion and Appellants'

Application to File Late Objections, and considering the circumstances given by Appellants for the lapse, it would deny Appellants' application.  At the time of the 1-4-10 Hearing, there were no longer any motions to be filed seeking to fix or challenge claims, and counsel for Appellee stated that to open up adjudicated claims would create "an additional administrative burden on both liquidation trust and the reorganized debtors." (1-4-10 Hr'g Tr. at 6:13-17.)  This was a proper consideration rendering the Bankruptcy Court's 1-5-10 Order reasonable.  See In re Motor Freight Exp., 91 B.R. at 711.

### CONCLUSION

The Court, for the reasons stated supra, concludes that Appellants have failed to demonstrate that the Bankruptcy Court erred in denying Appellants' Application to File Late Objections. The Court will issue an appropriate order.


                                      s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    June 21, 2010